UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SUMMERLIN ASSET MANAGEMENT V. TRUST,

                          Plaintiff,

- against -

MODUPE OYENUGA, MICHAEL ILONZE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. *(MERS)*, *as nominee for First Franklin, a division of National City Bank*, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, BROOKLYN UNION GAS COMPANY, KEYSPAN ENERGY DELIVERY NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, JOHN DOE 1 THROUGH 12 *said persons or parties having or claimed to have a right, title, or interest in the Mortgaged premises herein, their respective names are presently unknown to the Plaintiff,*

                          Defendants.
------------------------------------------------------------ X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

15 Civ. 769 (AMD) (RML)

**ANN DONNELLY,** District Judge.

On February 13, 2015, the plaintiff brought this foreclosure action against Modupe Oyenuga, Michael Ilonze, Mortgage Electronica Registration System, Inc., the New York City Environmental Control Board, the New York City Parking Violations Bureau, Brooklyn Union Gas Company, Keyspan Energy Delivery New York, the New York State Department of

1

Taxation and Finance, and unnamed John Doe defendants. The plaintiff seeks to foreclose on a note and mortgage encumbering the property located at 102-09 216th Street, Queens Village, New York (the "property").

In March of 2015, the New York City Parking Violations Bureau, the New York City Environmental Control Board, the New York State Department of Taxation and Finance, the Mortgage Electronic Registration Systems, Inc., Brooklyn Union Gas Company, and Keyspan Energy Delivery were served with the plaintiff's complaint. They did not answer. On October 5, 2012, the plaintiff requested a certificate of default as against those defendants. (ECF No. 12.) Two days later, on October 7, 2015, the Clerk of the Court noted the default of those defendants. (ECF No. 14.)

The plaintiff moved to serve defendants Modupe Oyenuga and Michael Ilonze by publication; Magistrate Judge Marilyn D. Go denied that motion on March 30, 2016. (ECF No. 15.) Thereafter, defendant Oyenuga was served on June 6, 2016, and defendant Ilonze was served on June 7, 2016. (ECF Nos. 16, 17.) The defendants did not answer. On June 29, 2016, the plaintiff sought a certificate of default, (ECF No. 18), which the Clerk of the Court entered on July 6, 2016. (ECF No. 19.) The plaintiff moved for default judgment on August 17, 2016. (ECF No. 21.) I referred the matter to Magistrate Judge Marilyn D. Go for a recommendation as to whether the motion for default judgment should be granted, if so, whether a judgment of foreclosure and sale should be awarded.[1]

On February 14, 2017, Magistrate Judge Robert M. Levy issued a report and recommendation, recommending that foreclosure and sale of the property be ordered, pursuant to the terms in the plaintiff's proposed Judgment of Foreclosure and Sale, (Pl.'s Ex. 3), that a

---

[1] The case was reassigned to Magistrate Judge Robert M. Levy on November 23, 2016.

2

judgment be awarded against defendant Modupe Oyenuga in the total amount of $593,420.24, comprising:

(1) $356,989, which was the principal balance of the mortgage; and

(2) $236,431.24 in unpaid interest through July 31, 2016.

(ECF No. 23 at 7.) Judge Levy also recommended the appointment of a referee, and that within seven days of the order adopting the report and recommendation, the plaintiff be required to propose three referees by a letter to the court, with a brief description of their qualifications and proposed appointment order.

The report was served on the defendants on February 14, 2017, and no objections have been filed.

A court, in reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections have been made to the report, the court need only review the report and recommendation for clear error on the face of the record. *United States v. Watts*, No. 13-cv-3211-ADS-WDW, 2014 WL 4293815, at *1 (E.D.N.Y. Aug. 28, 2014) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the complaint, the mortgage and note, the plaintiff's motion and associated exhibits, and Judge Levy's thorough report. Finding no factual or legal errors in the report, I adopt it in its entirety.

The plaintiff's motion for default judgment is granted. By March 27, 2017, the plaintiff is to propose three referees by letter to the court, with a brief description of their qualifications, and proposed appointment order. Within seven days of the Court's selection of a referee, the

plaintiff is to file a revised Judgment of Foreclosure and Sale,[2] so that the Court can award final Judgment of Foreclosure and Sale.

The plaintiff's counsel is directed to serve copies of this order and the report and recommendation on all defendants.

**SO ORDERED.**

                                                          s/Ann M. Donnelly

                                                          Ann M. Donnelly
                                                          United States District Judge

Dated: Brooklyn, New York
       March 20, 2017

---

[2] The revised Judgment of Foreclosure and sale should include the omitted information, and reflect that the public auction will take place at the property, and not in the lobby of the federal courthouse.