UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SUMMERLIN ASSET MANAGEMENT
V TRUST,

                Plaintiff,                REPORT AND
                                                      RECOMMENDATION
  -against-

                                                   15 CV 769 (AMD)(RML)

MODUPE OYENUGA, *et al.*,

                Defendants.
-------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated March 3, 2022, the Honorable Ann M. Donnelly, United States District Judge, referred the motion of intervenor Avail 1 LLC ("Avail") for a writ of assistance to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

        Plaintiff Summerlin Asset Management V Trust ("Summerlin") commenced this mortgage foreclosure case in February 2015. (See Complaint, dated Feb. 10, 2015, Dkt. No. 1.) On March 20, 2017, Judge Donnelly adopted my report and recommendation, which recommended that a default judgment of foreclosure and sale be granted with respect to all defendants. (See Order Adopting Report and Recommendation, dated Mar. 20, 2017, Dkt. No. 25.) Judge Donnelly entered a Judgment of Foreclosure and Sale on May 1, 2017, directing that the property at issue be sold and appointing a referee to conduct the sale. (See Judgment of Foreclosure and Sale, dated May 1, 2018 ("Judgment"), Dkt. No. 30.) The property was sold at auction to Avail on February 15, 2019 (see Referee's Report of Sale, dated Mar. 7, 2019, Dkt. No. 40), and this case was administratively closed.

On January 31, 2022, Avail appeared in this action and filed the instant motion for a writ of assistance. Avail states that it is the current owner of the property, which is located at 102-09 216th Street in Queens Village, New York, and that in July 2019 it served a ninety-day notice to quit on defendants Modupe Oyenuga and Michael Ilonze ("defendants"), directing them to vacate the premises by October 28, 2019. (Affirmation of Danny Ramrattan, dated Jan. 31, 2022, Dkt. No. 42-1, ¶¶ 2, 8, 9, 10, Ex. 6.) Defendants did not do so, and in December 2021 Avail served a ten-day notice to quit, directing them to vacate the premises by December 30, 2021. (Id. ¶¶ 11-12.) Again defendants failed to comply, and according to Avail, they "continue to hold over and remain in possession of the Property without Avail's permission." (Id. ¶ 13.) Avail seeks an order joining it as a party plaintiff and "granting a Writ of Assistance and delivering possession of the Property to and in favor of Avail and against Defendants." (Id. at 3; see also Memorandum of Law, dated Jan. 31, 2022, Dkt. No. 42-10.)

Avail cites no authority, and the court is aware of none, allowing a non-party purchaser to join a foreclosure case after final judgment and move for a writ of assistance evicting the previous owners. It cites Rule 70(d) of the Federal Rules of Civil Procedure, which states in pertinent part: "[o]n application by *a party* who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." FED. R. CIV. P. 70(d) (emphasis added). Rule 70(d) "provides for the enforcement of the specific terms of a judgment," Manway Constr. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 505 (2d Cir. 1983), which in this case includes an order that the purchaser "be let into possession on production" of the Referee's deed. (See Judgment.) The rule is "designed to preclude recalcitrant parties from frustrating court orders[.]" Rivers v. Schweiker, 692 F.2d 871, 874 (2d Cir. 1982). This "power to issue writs of execution or assistance . . . includes the power to order the expulsion of persons occupying foreclosed property." Found. Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc., No.

2

3:17 CV 135, 2021 WL 3863428, at *4 (D. Conn. Apr. 30, 2021), report and recommendation adopted, 2021 WL 3861794 (D. Conn. Aug. 30, 2021); see also Wilmington Sav. Fund Soc'y, FSB v. Hutchins, No. 18 CV 346, 2021 WL 1158179, at *10 (D.N.M. Mar. 27, 2021), report and recommendation adopted, 2021 WL 3076890 (D.N.M. July 21, 2021) (granting writ of assistance ordering occupants to vacate real property and place plaintiff bank in possession where bank had obtained a valid judgment of foreclosure and purchased the property at the Special Master's sale); U.S. v. Real Prop. & Premises Known as 63-39 Trimble Rd., Woodside, N.Y., 860 F. Supp. 72, 76 (E.D.N.Y. 1994) (entering an order in forfeiture case directing the U.S. Marshal "to enter and take possession of the Premises" and "to evict all occupants and their personal property").

However, Rule 70(d) does not establish an independent basis for jurisdiction. 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3021 (3rd ed. 2021). Nor does Rule 70(d) establish a private right of action or confer standing on a non-party to intervene to enforce a judgment entered for or against a party to the case. Rule 70(d) thus does not provide an avenue for bootstrapping a non-party's property rights as purchaser onto a foreclosure action. Avail has no more standing to request a writ of assistance from this court than would an owner who purchased the property directly from defendants or their landlord.

Avail also relies on Rule 20 of the Federal Rules of Civil Procedure, which allows multiple plaintiffs to join in one action if: (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) any question of law or fact in common to all plaintiffs will arise in the action. See FED. R. CIV. P. 20(a)(1); Kalie v. Bank of Am. Corp., No. 12 CV 9192, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims

are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'") (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). However, Avail's motion does not arise "out of the same occurrence" as Summerlin's foreclosure action, which sought to foreclose on a mortgage and note, and does not have any questions of law or fact in common with Summerlin's claim. Unlike Summerlin, Avail is seeking to evict defendants from the property, not collect on an unpaid loan.

Avail's remedy seems to properly lie in New York State court, where N.Y. Real Property Actions and Proceedings Law ("RPAPL") § 221 permits a grant of a writ of assistance to a non-party purchaser of a foreclosed property at the court's discretion. See NYCTL 1998-1 Trust v. Rodriquez, 21 N.Y.S.3d 837, 840 (N.Y. Sup. Ct. 2015) ("A writ pursuant to RPAPL § 221 may be granted to the purchaser of property sold at a foreclosure auction when a party to the action withholds possession."). I therefore respectfully recommend that Avail's motion be denied and that it be directed to bring its holdover case in state court.[1]

Any objections to this report and recommendation must be filed within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the

---

[1] Even if Avail had a basis for bringing its claim for possession in this court, based solely on Avail's submissions, it is unclear whether this court would have subject matter jurisdiction over the claim. Under 28 U.S.C. § 1332(a), the federal courts have subject matter jurisdiction over controversies "between . . . citizens of different States." Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019). Diversity jurisdiction requires that "each plaintiff's citizenship . . . be different from the citizenship of each defendant." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009) (collecting cases). That requirement applies "regardless of how [the party] joined the action." Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 119 (2d Cir. 2014). According to the Referee's Deed, Avail has an address in Coral Gables, Florida. (See Referee's Deed in Foreclosure, dated Mar. 7, 2019, Dkt. No. 42-8.) However, Avail is a limited liability company, and "the citizenship of a limited liability company is determined by the citizenship of each of its members." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016); see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Avail has not revealed the names or citizenship of its members.

4

district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

                                                Respectfully submitted,


                                                _____/s/_____
                                                ROBERT M. LEVY
                                                United States Magistrate Judge

Dated: Brooklyn, New York
       April 20, 2022